## Girard Trust Company v. The Ætna Casualty & Surety Company

*Edward D. Mitchell*, for plaintiff.
*Joseph W. Henderson*, for defendant.

WINNET, J., April 13, 1943.—This action is by the substituted guardian to recover premiums paid on the guardian's bond. Elizabeth Billet was the guardian of the estate of Elizabeth Rea Bullock, a minor, appointed by the Orphans' Court of Philadelphia County on April 9, 1925. In the course of the administration of the estate of the minor, on August 28, 1928, it became necessary to enter a bond with the Orphans' Court of Allegheny County in the sum of $18,000. The guardian filed a bond executed by defendant. The purposes for which the bond was filed—the sale of real estate—were apparently accomplished in September or October 1929, but the guardian, instead of applying immediately to the Allegheny County Orphans' Court to be relieved of any further obligation on the bond, continued to pay the premiums and paid a total of eight years' premiums of $42.67 each year, or the sum of $341.36. On November 21, 1938, the Orphans' Court of Allegheny County did discharge the defendant surety from any obligation on the bond "as of October 3, 1931, the date when the proceeds of the sale were

paid to the Girard Trust Company, guardian." The admitted pleadings indicate that the Girard Trust Company was not appointed substituted guardian until May 27, 1938, and actually the proceeds were turned over to the trust company as agent for the guardian.

This suit is to recover not only the premiums paid after October 1931, but also to recover the premiums paid after 1929 on the theory that when the guardian took the proceeds of the sale of real estate from Allegheny County and turned them into her account as guardian in Philadelphia County there was no further liability on the bond. That needless premiums have been paid can be assumed. In many suretyship relationships, in retrospect, needless premiums on bonds are paid. By proper steps the surety here could have been discharged in Allegheny County within one year and all further obligation on the bond discharged. But it was not, and as long as the relationship existed there was a risk on the bond outstanding, and the premium was earned and must be paid.

The bond was furnished pursuant to the rules of court. In the application for the bond the indemnitor agreed to pay the premium "until the indemnitor shall serve upon the surety at its home office in the City of Hartford, Connecticut, competent written legal evidence, satisfactory to the surety, of its discharge from such bond and all liability thereunder." The condition of the bond was that the guardian "shall faithfully execute the trust." Determination of faithful execution of the trust is in the court wherein the bond is entered. In this case it is the Orphans' Court of Allegheny County. It alone could in proper proceedings audit the account and discharge the surety. Until it so acts, the court itself is powerless to cancel such a bond: Newcomer's Appeal, 43 Pa. 43; Commonwealth, for use, v. Rogers, 53 Pa. 470.

The Orphans' Court of Allegheny County was not asked to discharge the surety until 1938. At that time

it discharged it as of October 3, 1931, "the date when proceeds of sale were paid to the Girard Trust Company, guardian." That court apparently was under a misapprehension as to the status of the Girard Trust Company at the time. It was not a substituted guardian then, but merely agent for the guardian. But, even if the funds were actually turned over to it as legal guardian, the orphans' court was powerless at that time to affect the contractual rights between the parties which existed for seven years. During those seven years no legal discharge had been obtained. The risk of the surety company existed. Unquestionably, during the entire seven years that its bond was outstanding, the surety company had to maintain certain reserves. The amount of the bond was an outstanding obligation which it carried on its books. A premium to a surety company is the consideration paid to it for certain risks it assumes. It earns that premium as long as the risk is still outstanding. Defendant, therefore, earned the amount of the premium until it was discharged by the Orphans' Court of Allegheny County.

The statements of President Judge Lewis H. Van Dusen, of Philadelphia County, and President Judge Thomas B. Trimble, of Allegheny County, admitted in the pleadings, to the effect that the bond was not needed for many years, could not affect the right of defendant to the premium which it had earned. The guardian at all times had the power to terminate the liability for premiums by obtaining a legal discharge of the surety. The failure to do so cannot be shifted to defendant by depriving it of premiums which it had received and which it had earned.

Plaintiff, through counsel, attempted to prove that a representative of defendant in Philadelphia had stated that if steps were undertaken to discharge the surety in Allegheny County the premiums would be refunded. In order to terminate this litigation an amendment to

the statement of claim was allowed. But the proofs were totally lacking to sustain such a theory. It was not shown that this agent had any authority to make any such agreement, and in fact, when the agent was called to testify, he denied making such an agreement, but said he merely referred the claim to the home office which denied any refund.

The court finds for defendant.